**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN PAUL NELSON, | No. 13-55710 |
| Petitioner - Appellant, | D.C. No. 5:12-cv-00860-DMG-MLG |
| v. | |
| L. S. MCEWEN, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted December 10, 2014
Pasadena, California

Before: PREGERSON, NOONAN, and WARDLAW, Circuit Judges.

John Paul Nelson appeals the district court's denial of his 28 U.S.C. § 2254

petition. Nelson contends that his Confrontation Clause rights were violated when

Firefighter Bradley Witt testified that the shooting victim identified Nelson as the

shooter, and that his due process rights were violated by the cumulative effect of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

multiple trial errors. Because the California Court of Appeal's decision was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent, nor based on an unreasonable determination of the facts, we affirm. 28 U.S.C. § 2254(d)(1)–(2).

Nontestimonial statements do not implicate the Confrontation Clause. *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009) (citing *Whorton v. Bockting*, 549 U.S. 406 (2007)). The California Court of Appeal reasonably determined that the victim's statement to Firefighter Witt was nontestimonial because the circumstances objectively indicated that the primary purpose of Firefighter Witt's question was to enable police to respond to an ongoing emergency. *Davis v. Washington*, 547 U.S. 813, 822 (2006). Firefighter Witt's one question, "Who shot you?," was asked within thirty minutes of the victim being shot, while an unidentified shooter was still at large. The Court of Appeal also reasonably concluded that the circumstances surrounding Firefighter Witt's inquiry lacked the solemnity and formality associated with a testimonial statement, *Crawford v. Washington*, 541 U.S. 36, 51 (2004), as the exchange occurred in the back of an ambulance while the victim was fading "in and out of consciousness" and struggling to breathe, and consisted of a brief two-word response to a single question. The Court of Appeal considered and reasonably applied the relevant

factors under both *Crawford* and *Davis*. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 131 S. Ct. 770, 786–787 (2011).

The Court of Appeal's finding that Firefighter Witt acted with a sense of immediacy in conveying the victim's statement to authorities was not based on "an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Firefighter Witt testified that he did not call the Banning Police Department for one and a half to two hours after the victim's statement because he was providing medical care to the victim. Although Firefighter Witt also testified that he could have used his cell phone at the hospital to call the police, he also testified that he "immediately" called the police after he arrived back at the fire station. The Court of Appeal did not "plainly misapprehend or misstate the record" in making its finding that Firefighter Witt acted with a sense of immediacy, *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004), and its finding therefore was not unreasonable, *id.* at 999.

Finally, the Court of Appeal's conclusion that the cumulative effect of trial errors did not require Nelson's conviction to be reversed was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). "[C]umulative error warrants habeas relief only where the errors have 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007)

(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). The Court of Appeal identified multiple errors at Nelson's trial, including evidence of motive that lacked foundation, *Doyle* error, and improper argument concerning the victim's absence from trial and medical condition. However, the Court of Appeal reasonably concluded that the evidence admitted improperly was cumulative of admissible evidence, brief, or not pivotal to the case. Moreover, there was considerable admissible evidence that Nelson shot and intended to kill the victim, including statements from the victim, witnesses, and Nelson himself. Because the trial errors did not infect the trial with unfairness, and the government's case was not weak, *see United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996), it was not unreasonable for the Court of Appeal to conclude that the trial errors did not result in a violation of due process, *cf. Chambers v. Mississippi*, 410 U.S. 284, 294, 302-03 (1973).

**AFFIRMED.**